# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JENNIFER ALEXIS FREES,

        Plaintiff,

-vs-                                              Case No. 2:09-cv-476-FtM-29SPC

PAUL KIERNAN; JOHN S. HEIM; CHARLOTTE HUGGINS; BEVERLY WOODS Commissioner; DOES 1-10,

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff, Jennifer Alexis Frees' Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) filed on July 23, 2009.

## FACTS

The Plaintiff filed her Complaint (Doc. # 1) on July 23, 2009. In her Complaint, the Plaintiff alleges the Defendants violated her Civil Rights and the Constitution of the United States, as well as the Fifth and Fourteenth Amendments. The Plaintiff states that the Defendant Paul Kiernan was at all times a resident of Ireland, California, and Switzerland. The Defendant John Hiem is an attorney practicing law in California. The Defendant Beverly Woods is a commissioner of an unknown California agency.

The Plaintiff states that the Defendants conspired to take away her property in California and in Ireland. The Plaintiff further asserts the Defendants conspired to deprive her of her right to access to courts in California by precluding her from receiving a full and fair hearing with respect to her

divorce proceedings initiated by Paul Kiernan in the California State Court. The Plaintiff states that she met Kiernan in 1992 following mail communications and they were married in October of 1999. Frees states that in 1999 the house her mother had left her after she passed away was about to be foreclosed on. Kiernan told Frees that he could save the property and by the year 2000 he had taken in renters to occupy the California property. In 2003, Kiernan arranged for a mortgage on Frees' property to raise money for her to start a business in Chicago.

While the facts become somewhat jumbled at this point, it appears that Kiernan was living with another woman in the California property while Frees was in Chicago. From this point onward the marriage took a downward spiral as Frees claims Kiernan began a pattern of domestic abuse. Frees continues with a series of stories alleging that Kiernan took her property and denied her access to joint bank accounts and funds that were supposedly established for their joint use.

In 2005, Frees learned that Kiernan had put her California property on the market and eventually sold the property. Kiernan put the proceeds from the sale of the house in a special fund from which he paid $60,000.00 to the Defendant Heim. Additionally, Kiernan took some allegedly valuable property, antiques, owned by Frees and sold them at auction. Subsequently on June 19, 2006, Kiernan filed for a divorce from Frees. Frees claims that he took her family valuables and stored them under his name and prevented her from gaining access to the property. On June 21, 2006, Kiernan moved from the United States to Germany. Due to unavailable funds, Frees lost her business in Chicago.

There was a judicial proceeding in California which Frees was notified about, but failed to appear. Frees stated that she could not afford to travel from Florida to California to participate in the mediation or the trial. It appears that at some point in the mediation process Frees was offered

$100,000.00 which was apparently not accepted by Frees. Frees was represented by Counsel during the course of the mediation process, however, her counsel, Huggins, withdrew from representation Frees says a hearing was held before the Court on Huggins' withdrawal on the day the trial was scheduled to start. Huggins was permitted to withdraw. Frees did not appear at the trial and was sanctioned for her non-appearance. Frees claims that she tried to discover when the trial was set to begin, although in her Complaint, she notes the trial was set for January 15, 2009.

Frees states a new trial date was entered but that she could not find an attorney in California to represent her interest. Frees finally found an attorney to represent her at trial. At the trial, Frees' new attorney requested a continuance to conduct discovery but the Court denied the motion. The Court then admonished Frees telling her that she denied the use of the Court appointed attorney, she had done no discovery, and that she had not taken advantage of the community fund set up by the Court for her use. The Court then sanctioned her in the amount of $2,500.00.

The Plaintiff seeks injunctive relief and her right to a full, fair, and equitable trial under the law. She further moves the Court to restore all of her property that has been converted and demands compensation for the injury both mental and financial.

## DISCUSSION

The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A

complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's affidavit reveals that she has insufficient resources to conduct the litigation, so the Court must now review the Complaint to determine if it lacks arguable basis in law or fact.

Although the Plaintiff's affidavit reveals that she has insufficient resources to conduct the litigation, the Court's review of the Complaint reveals that it lacks an arguable basis in law or fact. Initially, all of the acts allegedly taken against the Plaintiff occurred in California. The Defendant Kiernan at that time lived in California and currently, according to the Complaint, lives overseas. As such, the District Court for the Middle District of Florida lacks jurisdiction over this case. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b).

In this case, all of the Defendants reside in California or overseas. All of the action, events, and occurrences that led up to this lawsuit occurred in California. Therefore, this Court has no jurisdiction over the claim.

Likewise, if the Plaintiff attempted to allege diversity jurisdiction, the claim must be brought in the district where the defendants live or where the majority of the damages occurred. 28 U.S.C. § 1391(a). The Defendants in this case are not diverse with all of the Defendants living in California with the exception of Kiernan who lives in Europe. Thus, even if diversity existed in this case, the Middle District of Florida would not be the proper venue since the acts and the Defendants reside in California

The Plaintiff alleges that her Fourteenth Amendment rights were violated. The Plaintiff fails to specify which Clause of the Fourteenth Amendment she claims that the Defendants violated. The Fourteenth Amendment does contain the Equal Protection Clause which provides in part that "No State shall . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution Amendment XIV §1. The Equal Protection Clause does require Governmental agencies to treat similarly situated people alike, however, an Equal Protection claim relates to a statute that is discriminatory on its face, has a disparate impact, or is unequally administered. Corey Airport Services, Inc. v. City of Atlanta, 2008 WL 4452386, *19 (N.D. Ga. September 30, 2008) (citing E & T Realty v. Strickland, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987)). The Plaintiff has failed to allege a violation of the Fourteenth Amendment.

The Plaintiff also alleges that her Fifth Amendment rights. The Fifth Amendment reads as follows:

> [n]o person shall be held to answer for a capitol or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or

> property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. art. V. The Fifth Amendment prevents the State from taking private property, not a private individual. Here, the Plaintiff alleges that the Defendant Kiernan converted her property for his own personal use. Thus, the Plaintiff has failed to state a claim under the Fifth Amendment.

Regarding the Plaintiff's claims that she was denied access to the Courts in California, she admits in her own complaint that she failed to appear at her trial and then appeared with counsel at the rescheduled trial. Thus, the Plaintiff was not denied access to the Courts but had her day in court.

## **CONCLUSION**

The Plaintiff's Complaint was filed in the wrong venue. All of the action occurred in California and all of the Defendants reside in California or overseas. Thus, it is respectfully recommended that this Court has no jurisdiction over the parties in this case. It further appears based upon the Plaintiffs allegations in the Complaint that she has failed to state a claim upon which relief can be granted.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff Frees Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) should be **DENIED**. It is further respectfully recommended that the case should be dismissed for failure to state a claim and for lack of jurisdiction. Whether the case is denied with or without prejudice is **RESERVED** to the discretion of the District Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __28th__ day of September, 2009.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record